(No. 5182—

HERMAN PARHAM, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed November 12, 1968.*

NORMAN NELSON, JR., Attorney for Claimant.

WILLIAM G. CLARK, Attorney General; PHILIP J. ROCK, Assistant Attorney General, for Respondent.

PEZMAN, J.

Claimant seeks to recover from the respondent, State of Illinois, for damages under Sec. 8C of the Act creating the Court of Claims, which provides that the Court of Claims shall have jurisdiction to hear and determine:

All claims against the State for time unjustly served in prisons of this State where the persons imprisoned prove their innocence of the crime for which they were imprisoned; provided, the Court shall make no award in excess of the following amounts: For imprisonment of five years or less, not more than $15,000.00; for imprisonment of 14 years or less but over five years, not more than $30,000.00; for imprisonment of over 14 years, not more than $35,000.00; and provided further, the Court shall fix attorney's fees not to exceed 25% of the award granted.

Claimant, Herman Parham, was arrested on February 6, 1959, and indicted on March 13, 1959 on the charge of armed robbery. Claimant was tried for this crime on October 20, 1959, and a jury found him guilty, and sentenced him to serve from twenty to forty years in the Illinois State Penitentiary. Claimant subsequently prosecuted a timely writ of error to the Supreme Court of Illinois, and the Attorney General of the State of Illinois, on his motion, confessed error of the Criminal Court of Cook County.

On May 28, 1964, Parham was retried on the origi-

nal indictment, and, on June 1, 1964, a jury, after hearing all the evidence, found him not guilty. It was stipulated by the parties hereto that the time claimant served in the Penitentiary of the State of Illinois was from November 20, 1959 until October 8, 1963.

Otto Rossner, the victim of the crime for which claimant was tried and found not guilty, testified that Parham robbed him of money on February 5, 1959 at about 4:15 P.M., while keeping him captive in his home, and that, when he saw his assailant for the first time, he had four pieces of tape on different parts of his face. Mr. Rossner testified that his assailant remained in his house and kept him captive until about 6:30 P.M., and that during the period of his captivity he saw the face of his assailant without the tape on one occasion for a very short space of time.

Otto Rossner further testified that he identified claimant as his assailant from a lineup in the Robbins Police Station the following day. He further stated that he testified at both of claimant's criminal trials, and at both trials identified Parham as his assailant. At the hearing before the Commissioner of this Court, Otto Rossner positively identified claimant as the man who assaulted and robbed him.

Claimant, Herman Parham, denied his guilt of this crime of armed robbery at both trials, at a preliminary hearing, and also at the hearing before the Commissioner for the Court of Claims. Claimant testified that he was at a club in the earlier hours of the day in question in the company of other persons. He left this club in the company of a William Moore and an Aaron Stout at about 5:30 P.M., and went home. He left home between 5:30 and 6:00 P.M. after seeing and talking to his land-

lady, and then he went back to the club where he again saw Mr. Moore. He left the club in the company of Mr. Moore at about 7:00 P.M., and was with Mr. Moore until about midnight in various villages in Illinois and Indiana.

Claimant's landlady, Bessie Moran, testified that she talked to Parham on the day of the crime at about 5:00 P.M., and that she saw him leave his apartment at about 5:30 or 6:00 P.M. Bessie Moran further stated that she testified at both of claimant's criminal trials.

Charles Drake appeared as a witness for claimant, and testified that on the day of the crime he was across the street from the home of the victim, and at about 4:00 P.M., or thereafter, he saw a man, known to him to be named Trotter, coming out of the victim's house. Mr. Drake further testified that he did not see claimant at the house. Drake testified that he later talked to Lieutenant Pennix, informed him of this incident, and named Trotter.

William Hargrave was called as a witness by claimant, and he testified that he was in the police line-up with the claimant on February 6, 1959. Hargrave testified that, when the victim was asked if he could identify anyone in the line-up, he answered, "No." He further testified that claimant was then singled out by the police, and, when Rossner was asked if he could recognize claimant as his assailant, he answered that he could not identify claimant as his assailant, and stated that the man who committed the crime was taller and had a scar. Hargrave also testified at both trials.

William Moore, who did not testify at the first criminal trial in 1959, but who did testify in the second crimi-

nal trial in 1964, was called as a witness by claimant. Moore testified that he was at a card club with claimant and a Mr. Stout in the afternoon hours of the day in question, and left the club at about 4:35 P.M. with claimant and Stout in Moore's car. Moore testified that Stout was let out of the car first, and claimant was let out at or near his house. Moore testified that he saw claimant again at the club at about 5:50 P.M., and that they remained together until approximately 1:30 A.M. the next morning. Claimant was out of Moore's sight for approximately 50 minutes. Moore stated that he testified at claimant's second criminal trial.

Claimant, Herman Parham, testified as a witness in his own behalf, and stated that he did not commit a robbery and an assault against Otto Rossner on February 5, 1959, the crime for which he was arrested, tried, and convicted, and for which he was later retried and found to be innocent of. He testified that at the time of the robbery he was in his room at 13820 Central Park Avenue, Robbins, Illinois, which is some distance from where the robbery and assault is alleged to have occurred. He further testified that, prior to his imprisonment, he was a construction worker earning approximately $20.00 a day. He was imprisoned in the State Penitentiary for approximately four years as a result of the conviction for which he has filed this claim.

In order that claimant be entitled to an award from the State of Illinois for time unjustly served in prison, it is well settled that claimant must prove by a preponderance of the evidence (1) that the time served in prison was unjust; (2) that the act for which he was wrongfully imprisoned was not committed by him; and (3) the amount of damages to which he is entitled. *Jonnia*

*Dirkans* vs. *State of Illinois,* Case No. 4904; *Munroe* vs. *State of Illinois,* Case No. 4913; *Henry Napue* vs. *State of Illinois,* Case No. 4912.

In the Dirkans case, this Court held that a claimant attempting to recover an award for unjust imprisonment must prove his innocence of the "fact" of the crime for which he was imprisoned.

Otto Rossner testified that his assailant was in his house from about 4:15 until 6:30 P.M. William Moore testified on behalf of claimant that he drove claimant to or near his rooming house at about 4:35 P.M. on the day in question, that he later saw claimant at the card club at about 6:00 P.M., and, that they remained together until about 1:30 A.M. the following morning. Claimant's landlady, Bessie Moran, testified that she talked to claimant at about 5:00 P.M., and that she saw him leave his apartment at about 5:30 P.M. on the day in question. William Hargrave, who testified on behalf of claimant, stated that Otto Rossner could not identify claimant in the police line-up, and that when claimant was singled out by the police Rossner stated that he could not identify claimant as the man who committed the crime, and that his assailant had been taller and had a scar. Charles Drake testified that on the day in question he saw a man, known to him to be named Trotter, coming out of the victim's house at about 4:00 P.M., but that he did not see claimant with whom he was acquainted at the house of the victim.

To rebut the testimony of claimant and his witnesses, respondent relies on the testimony of the victim of the crime, namely, Otto Rossner. Otto Rossner admits that when he saw his assailant for the first time he had pieces of tape on his face, and that he caught only a

very quick glance of his assailant's face without the tape on. There is no substantiation of Rossner's testimony that he identified claimant as his assailant from the police line-up.

It is the opinion of the Court that claimant has satisfied his burden of proof, and has proved by a preponderance of the evidence that he is innocent of the "fact" of the crime for which he was imprisoned. Claimant has proved by a preponderance of the evidence that the time served in prison was unjust, that the act for which he was wrongfully imprisoned was not committed by him, and the amount of damages to which he is entitled.

It is the opinion of this Court that claimant be granted an award pursuant to Sec. 8C of the Act creating the Court of Claims in the sum of $10,000.00.